NEWPORT STREET RAILWAY CO., *v.* JANE CRUMBY.

Negligence—Action For Damages—Street Railway—Compromise—Notes For Damages—Power to Issue—Ratification by Stockholders.

> The appellee brought an action against the appellant for injuries sustained on its street railway. The agent and superintendent compromised the suit and issued the company's notes for the amount of damages agreed upon. The stock-holders of appellant ratified the acts of the superintendent in settling the suit and issuing notes to appellee for the amount of damages agreed upon.
>
> In this action on the notes the appellant contends that there is no consideration for the notes and that they were issued without the authority of the company.
>
> Held, that the settlement of the damage suit is a good consideration for the notes and the ratification of the superintendent's acts in the premises, though informal, was sufficient to bind the company.

Incompetent Evidence—Failure to Object.

> Whether the evidence to prove the issue was competent is a question not before us as it was admitted without objection.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 25, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

From the evidence which was not objected to it appears that Robbins who executed the notes was the agent and superintendent of the business of appellant generally, that he was one of the board of directors of appellant and owned a majority of the stock in the corporation, and Fisk proves after the notes had been executed, he informed Morton and Kellogg two more of the board of directors of the fact and they approved it, making a majority of the directors and of the stock of appellant who approved the compromise of the suit of appellee against the Covington Railway Co. in which appellant was interested, and by which said suit was dismissed. He also proved that prior to the commencement of this suit the superintendent executed notes for the company, but since then the board of directors has made an order to the effect that he should not thereafter execute notes to bind the company.

And he furthermore proved that he regarded Robbins as in fact the Newport Street Railway Co. as he owned a large majority of the stock, and run the concern.

On the other hand Robbins proved that he had no authority to execute the notes, nor to bind the company, and when they were executed he so informed Mr. Fisk, and told him the president of the board of directors was absent; but that he replied it would be right he supposed; but he does not deny the fact as proved by Fisk that the track being repaired, and where the accident happened by which appellee was very dangerously injured was owned by appellant and the Covington Street Railway Company jointly, and was equally liable, that company paying the same amount for the compromise that appellant gave its notes for, nor that he did not own a majority of the stock, nor that a majority of its directors approved the compromise with appellee though informally.

The question of authority in Robbins to execute the notes was for one of fact, which was submitted to the jury who tried the case under instructions from the court to which we perceive no valid objections. Whether the evidence to prove the issue was competent is a question not before us, as it was admitted without objection.

The consideration on which the notes is founded is ample. The dismissal of a suit by appellee, in which the facts show she had a valid cause of action.

Wherefore the judgment is *affirmed*.

*Carlisle, Webster, for appellant.*

*Hawkins, for appellee.*